UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE DION CASEY, | 1: 07 CV 01117 LJO  WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 12] |
| THOMAS FELKER, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On March 8, 2004, Petitioner pleaded guilty to assault with a deadly weapon and admitted an enhancement of inflicting great bodily injury during the commission of a felony. The trial court sentenced Petitioner to serve a state prison term of seven years. Petitioner did not file a direct appeal.

Petitioner subsequently filed the following three state post-conviction collateral challenges:

March 15, 2007: Petition for writ of habeas corpus filed in Fresno County Superior Court

April 12, 20078: Petition denied

May 2, 2007: Petition for writ of habeas corpus filed in California Court of Appeal, Fifth Appellate District

May 17, 2007: Petition denied

May 23, 2007: Petition for writ of habeas corpus filed in California Supreme Court

June 20, 2007: Petition denied.

Petition filed the present action on July 30, 2007.

## LEGAL STANDARDS

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

# STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

//


**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Petitioner has not opposed or otherwise responded to Respondent's motion.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Petitioner did not file a direct appeal. Therefore, the time to seek direct review ended upon expiration of the 60-day period following imposition of sentence in which Petitioner had to file an appeal with the California Court of Appeal, i.e., May 7, 2004. Cal. Rules of Court, Rule 8.308. The one-year limitations period began running the following day on May 8, 2004. Thus, absent tolling, the last day to file a federal habeas corpus petition within the statute of limitations was May 7, 2005.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

1  state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral
2  challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846
3  (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
4  1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a
5  petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
6  claims to the state courts first and will prevent the premature filing of federal petitions out of concern
7  that the limitation period will end before all claims can be presented to the state supreme court.  Id.
8  at 1005.
9         In  Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under
10  California's collateral review process, the intervals between a lower court decision and the filing of a
11  new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.
12  Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.
13         As found above, the statute of limitations began running in this case on May 8, 2004, and
14  expired on May 7, 2005.  Because Petitioner did not file any state post-conviction collateral
15  challenges to his conviction during that time period, he is not entitled to statutory tolling.   However,
16  this first collateral challenge was filed over a year after the limitations period expired.  Because the
17  limitations period had already expired, the collateral challenge had no tolling consequence. See also
18  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling for collateral
19  actions where the limitations period has already run).
20         The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
21  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
22  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
23  F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

24
25     [1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
26  corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
    relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
27  Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may
    instead file an original habeas petition in the Supreme Court.  See, id.
28

United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289. The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999)

Petitioner has not opposed the motion to dismiss, so has not thereby raised an argument that he is entitled to equitable tolling. The court has reviewed the petition and finds no basis for equitable tolling therein. Accordingly, the court must conclude that Petitioner is not entitled to equitable tolling of the running of the statute of limitations in this case.

In conclusion, the court finds that the statute of limitations began running in this case on May 8, 2004, and expired on May 7, 2005. Petitioner did not file the present action until July 30, 2007. This petition for writ of habeas corpus is therefore time barred.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)  that Respondent's motion to dismiss be GRANTED;
2)  that this petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations;
3)  that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 4, 2008                              /s/  William M. Wunderlich
                                                     UNITED STATES MAGISTRATE JUDGE